| JPRICE, Judge Pro Tem.
The Louisiana Supreme Court has remanded this ease to this court for the limited purpose of a reexamination by us of the validity of plaintiffs’ defective product and express warranty claims. Our determination that all other claims were pre-empted by the Federal Insecticide, Fungicide, and Rodenti-cide Act (“FIFRA”), 7 U.S.C. §§ 136 et seq., was affirmed. Louisiana Supreme Court, Hopkins v. American Cyanamid Co., 95-C-1088 (La. 1/16/96), 666 So.2d 615.
The background facts of these cases are stated in our original opinion. Therefore, we shall only repeat or supplement the facts necessary for resolution of the issues before us on remand.
The defective product claim brought under R.S. 9:2800.51 et seq. is based on plaintiffs’ argument that the evidence showed Thimet when used alone could cause crop damage. We have again examined the record carefully and can find no evidence to support this position.
The preponderance of the evidence shows that under certain unusual environmental conditions the combined use of a systemic organophosphate insecticide such as Thimet, with a diuron herbicide such as Direx, both applied at time of planting, can cause varying degrees of damage to the cotton plants after emergence. As shown by the testimony of plaintiffs’ witness, Dr. Larry Rogers, the head of the Northeast Research Stations at St. Joseph and Winnsboro, damage from the combination use of the subject products would occur very rarely. His estimate was it would only occur one out of one hundred times. He further testified it would be difficult to duplicate the occurrence in a laboratory under exact environmental circumstances. Dr. Rogers’ testimony indicates that it is the herbicide that does the damage but it is activated by its combination use with the organophosphate insecticide. His testimony in no way shows that Thimet if used alone would cause the damage sustained by plaintiffs’ cotton.
There is also evidence in the record to show that eight rows of plaintiff Hopkins’ cotton received only an application of Thimet and no Direx. These rows did not sustain any damage. Charles Hopkins’ testimony— R. 504.
|2The evidence clearly preponderates against plaintiffs’ claim that Thimet was a defective product.
We shall next consider plaintiffs’ argument that Madison Farm Supply was an agent of defendant American Cyanamid, and expressly warranted that its product, Thimet, was safe to use in conjunction with the product Direx, made by another manufacturer.
Initially we note from the evidence that Madison Farm Supply was a retailer of general farming supplies that sold chemical products used in farming that were manufactured by a multiple number of companies. Although it was advertised as a local “Cyan-amid Agri Center” in promotional advertising, this does not in itself establish an agency relationship as provided by La.C.C. Article 2985 et seq.
There is no evidence to show that American Cyanamid exercised any control over Madison Farm Supply in its sales activities. In this regard it is noteworthy that Madison Farm Supply did not recommend the herbicide manufactured by American Cyanamid to plaintiffs for use in conjunction with Thimet, but instead recommended using Direx made by Griffin Corporation, a competitor of American Cyanamid. This evidence rebuts plaintiffs’ argument that Madison Farm Supply was an agent of defendant with authority to obligate defendant to such a warranty as claimed by plaintiffs.
Furthermore the representations made by Madison Farm Supply to plaintiffs preceding their purchase of Thimet and Direx would not constitute an express warranty or guarantee that these products could be safely used together at time of planting.
Price Holmes the owner of Madison Farm Supply, informed Larry Ezell that the planting company in which Holmes was part owner, Pasttime Farms, intended to use Thimet that year as it was less expensive than the product previously used. He also informed Ezell they intended to use Direx as a herbicide as it had been recommended by a repre *1044 sentative of Griffin Corporation. On this basis Ezell and his father-in-law, Hopkins, also decided to use Thimet and Direx in their 1990 cotton planting. This evidence does not show an express guarantee or warranty as contended by plaintiffs. At most it would constitute a failure to warn if Holmes knew there was a danger in the_[í¡combination use of these products, and such a claim would be preempted by PIPRA so far as American Cyanamid is concerned.
Therefore, our original judgment reversing the judgment appealed, and dismissing all of plaintiffs demands against American Cynam-id is reinstated.